## NICHOLAS vs THE STATE.

1. The circuit court is not bound to instruct the jury upon an abstract legal proposition to entitle a party to an instruction, he must have a suitable case presented by the evidence.
2. The Supreme court will take notice of such facts only as appear on the record.

Opinion of the court delivered by McGirk judge*

It appears from the record that, on the first day of January 1839, the plaintiff being in the custody of the law, Judge Scott made an order to the Sheriff of Cooper county for holding a special term of the circuit court on the 3rd Monday of said month, for the trial of Nicholas: accordingly at the time and place appointed the court was holden, and the grand jury found a bill against Nicholas for stealing a black horse of one John Callaway.

At the same time and place the grand jury also found a bill against Nicholas for stealing a certain Sorrel horse the property of P. R. Hayden. To both these indictments

*NOTE—Judge Napton having been of counsel in the circuit court did not sit in this cause.

the defendant pleaded not guilty, a jury was impannelled in each case, and the prosecution gave full and clear evidence of the defendants guilt. The prisoners counsel then asked the court to instruct the jury in each case, that if they had any reasonable doubt of the guilt of the prisoner it was their duty to acquit.—The judge stated that such was the general law. That such instruction was generally asked and generally given. But that in this case there was no conflicting evidence, and as no suitable case existed to call for such instruction it was an abstraction; he therefore would not give it.

The refusal to give this instruction is complained of as error.

We do not perceive that the court erred in refusing to give this instruction. It has often been holden by this court that the circuit court is neither bound to give irrelevant nor nor impertinent instructions, and that to entitle a party to an instruction asked he must have a suitable case made by the evidence. Here the record does not show such a case, there was therefore no error committed in refusing the instruction asked.

Another point was alledged which was that by law a person in jail can only be tried at special term for an offence on which he was actually confined when the the special order was made, and none other.

It is said in this case the defendant was actually acquitted of the offence on which he was in jail confined, and was at the special term found guilty of offences other than those he was in custody for. As to this matter we cannot look into it, the record does not show the fact as stated. By the record all appears regular; there is no error on this point.

The judgment in both cases is affirmed with costs.

Wilson for appellants.

There are but two points in this cause.

1. The court had no jurisdiction at a special term, unless the defendant had been charged with the offence for which he was tried and in confinement at the time of ordering the special term, see laws of Mo. 159. sec 48.

2d. The court erred in refusing to give the following instruction for deft. "That the jury must acquit if they have reasonable doubt of his guilty."